NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3378
_____

ALEKSANDER NILAJ; MIRE PRELDAKAJ,
Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(A097-529-652; A097-529-653)
Immigration Judge: Dorothy Harbeck
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 1, 2020
_____

Before: GREENAWAY, JR., SHWARTZ, and RENDELL, *Circuit Judges.*

(Opinion Filed: September 1, 2020)

_____

OPININION[*]

_____

GREENAWAY, JR., *Circuit Judge*.

Aleksander Nilaj and Mire Preldakaj (collectively, "Petitioners") are a husband

and wife who entered the United States in 2006 without valid entry documents. Over a

decade after the Board of Immigration Appeals issued a final order for their removal,

Petitioners filed a motion with the Board to reopen proceedings. Petitioners now seek

review of the Board's denial of that motion. For the reasons that follow, we will deny the

petition for review.

## I.       BACKGROUND

Petitioners attempted to enter the United States from Albania in October 2006, and

sought asylum relief, withholding of removal, and protection under the regulations

implementing the Convention Against Torture Act. Following a merits hearing in which

Petitioners presented evidence of a fear of persecution by the Socialist Party in Albania

for Nilaj's membership and participation in the Democratic Party of Albania,[1] an

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Nilaj had testified that he was persecuted on three occasions: (1) In 1990, nearly a decade and a half prior to his arrival in the United States, when the Socialist Party was in power, Nilaj stated that was beaten by the police, but not arrested or detained, for toppling a statue of Stalin; (2) Nilaj received unspecified threats from 1997 to 1999 to stop canvassing on behalf of the Democratic Party of Albania; and (3) Nilaj was shot in

2

Immigration Judge ("IJ") denied Petitioners relief. Although the IJ found Nilaj's testimony to be credible, she determined Nilaj did not demonstrate harm rising to the level of persecution or "that the [Albanian] government was unable or unwilling to control" Socialist Party persecutors, A.R. 67. In so finding, the IJ pointed out that, at the time of the hearing, the Socialists were no longer in power and the Country Conditions report from the State Department did not indicate any increased violence against Democratic Party members.[2] Petitioners appealed unsuccessfully to the Board, which issued a final order of removal on July 22, 2008. This Court denied the petition for review. *Nilaj v. Att'y Gen.*, 361 F. App'x 314 (3d Cir. 2010).

On September 14, 2018, Petitioners filed a motion with the Board to reopen removal proceedings, arguing that conditions in Albania had changed because the Socialist Party had regained power. Despite the regime change, the Board denied Petitioners' motion, concluding that the "the documents submitted with the motion are not sufficient to show that the applicants are now likely to meet their burden of

his left index finger in 1999, presumably by police who were firing into the crowd that was celebrating four heroes of the Democratic Party.

[2] At times, Petitioners' brief alludes to persecution based on Nilaj's membership in a particular social group as well as his political opinion. However, Petitioners' claims appear to rest on the political opinion basis for asylum; indeed, the decisions of the IJ, Board, and a previous panel of this Court make clear that Nilaj seeks relief on political opinion grounds. In any case, Nilaj has not presented evidence that would support his claim that he is a member of a particular social group, nor has he specified a particular social group separate from his political view. Thus, we will treat this petition for review as one that seeks relief on political opinion grounds.

3

establishing a well-founded fear of persecution based on [Nilaj's] prior political activities in support of the Democratic Party in Albania." A.R. 2. This timely petition for review followed.

## II.  JURISDICTION & STANDARD OF REVIEW

We have jurisdiction to review the Board's decision pursuant to 8 U.S.C. § 1252(a). We review the Board's denial of a motion to reopen for abuse of discretion, which means we may reverse only if the Board's decision was "arbitrary, irrational, or contrary to law." *Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir. 2002) (citation omitted). The Board's factual findings are reviewed under the substantial evidence standard. *Korytnyuk v. Ashcroft*, 396 F.3d 272, 283 (3d Cir. 2005); *see also* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.").

## III.  DISCUSSION

Petitioners filed their motion out of time, but argue that they are exempt from the time requirements based on evidence of a material change in country conditions that was unavailable during the previous proceedings. But even if the country changes were material to the prior decision, Petitioners' evidence still fails to establish a prima facie case for relief. Because the Board may deny a motion to reopen for failure to establish a prima facie case, we find that the Board did not abuse its discretion in denying the motion to reopen removal proceedings.

4

## A. Legal Framework

A motion to reopen must be filed with the Board within ninety days of the date the agency issued the final removal order. 8 C.F.R. § 1003.2(c)(2). However, these limitations shall not apply to a motion to reopen proceedings for asylum relief and withholding of removal if based on changed circumstances in the country to which deportation has been ordered and "such evidence is material and was not available and could not have been discovered or presented at the previous hearing." *Id.* at § 1003.2(c)(3)(ii). In addition to these requirements, the Board may deny a motion to reopen for failure to establish a prima facie case for relief. *INS v. Abudu*, 485 U.S. 94, 105 (1988); *Guo v. Ashcroft*, 386 F.3d 556, 563 (3d Cir. 2004) *as amended* (Dec. 3, 2004) ("A motion to reopen must establish *prima facie* eligibility for asylum"). "[T]he prima facie case standard for a motion to reopen . . . requires the applicant to produce objective evidence showing a reasonable likelihood that he can establish [that he is entitled to relief]." *Guo*, 386 F.3d at 563 (*quoting Sevoian*, 290 F.3d at 175) (first alteration added).

To be eligible for asylum, an applicant must show that he or she is unable or unwilling to return to their country of origin "because of persecution or a well-founded fear of persecution." 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(A). Persecution "includes, but is not limited to, 'threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom.'" *Gomez-Zuluaga v. Att'y Gen.*, 527 F.3d 330, 340 (3d Cir. 2008) (quoting *Yu v. Att'y Gen.*, 513 F.3d 346, 348 (3d

5

Cir. 2008)).  The applicant bears the burden of establishing past persecution or that a fear

of future persecution is well-founded, and that one of five protected grounds, "race,

religion, nationality, membership in a particular social group, or political opinion[,] was

or will be at least one central reason" for persecution.  8 U.S.C. § 1158(b)(1)(B)(i).

An applicant is entitled to withholding of removal if he or she can demonstrate a

clear probability of persecution in a country designated for his or her removal on account

of a protected ground.  *See INS v. Stevic*, 467 U.S. 407, 429–30 (1984); *Gonzalez-*

*Posadas v. Att'y Gen.*, 781 F.3d 677, 684 (3d. Cir. 2015); 8 U.S.C. § 1231(b)(3)(A).

### B. The Board Did Not Abuse its Discretion in Finding Petitioners Have Not Established a Prima Facie Case for Relief

Although evidence that the Socialist Party now holds the prime minister's seat in

Albania and a majority of seats in Albania's Parliament could suggest changed country

circumstances, the Board did not abuse its discretion in denying Petitioners' motion to

reopen based on Petitioners' inability to "meet their burden of establishing a well-

founded fear of persecution."  A.R. 4.

Petitioners argue that they fear harm by Socialist Party members, but neither the

2017 Department of State Albania Human Rights Report nor the Albania 2018 Crime &

Safety Report that Petitioners presented notes politically-motivated harm or reports of

political prisoners or detainees in Albania as a result of the political shift.  Nor do

Petitioners present any other evidence that Democratic Party members or supporters have

recently encountered harm in Albania based on their political beliefs.  Moreover, the

6

murder of Nilaj's first cousin once removed, described in the media as the result of a cell phone-related dispute, does not support Nilaj's contention that members of the Socialist Party would target Nilaj for his pre-2006 political activities. The Board therefore did not act arbitrarily, irrationally, or contrary to the law in considering this evidence and finding that, despite the political changes in Albania, Petitioners could not establish a well-founded fear of persecution. Thus, the Board did not abuse its discretion in denying Petitioners' motion to reopen removal proceedings.

## IV. CONCLUSION

For the foregoing reasons, we find that the Board did not abuse its discretion in denying Petitioners' motion to reopen removal proceedings. We will therefore deny the petition for review.